UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT EUGENE KREGEAR,

        Petitioner,

                                          File No. 2:11-cv-67

v.

                                          HON. ROBERT HOLMES BELL

GREG McQUIGGIN,

        Respondent.

_____/

**<u>OPINION</u>**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 involving Petitioner's

convictions of several offenses related to the manufacture of methamphetamines. The matter was

referred to Magistrate Judge Timothy Greeley, who issued a Report and Recommendation (R&R)

recommending that this Court deny-in-part and grant-in part the petition. The matter is presently

before the Court on Petitioner's objections to the R&R. In accordance with 28 U.S.C. § 636(b)(1)

and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the

R&R to which objections have been made. The Court denies the objections and issues this Opinion

and Final Order. *See* Rules Governing § 2254 Cases, Rule 11 (referring to the order disposing of a

habeas petition as a "final order").

   "[A] general objection to a magistrate's report, which fails to specify the issues of

contention, does not satisfy the requirement that an objection be filed.  The objections must be clear

enough to enable the district court to discern those issues that are dispositive and contentious."

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or

all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner objects to the following findings and conclusions of the Magistrate Judge: (1) that his trial and appellate counsel were not ineffective for failing to move to suppress the evidence seized in the execution of a search warrant, (Pet'r Obj., Dkt. No. 23 at 1–2; R & R, Dkt. No. 22 at 12); and (2) that no *Brady* violation occurred in Petitioner's trial. (Pet'r Obj., Dkt. No. 23 at 2–3; R&R, Dkt. No. 22 at 9.)

Petitioner repeats his assertion that the search warrant executed at his residence was obtained illegally, and that both his trial and appellate counsel were ineffective for failing to move for suppression of evidence seized in the search. The Magistrate Judge noted that this "court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy." (R & R, Dkt. No. 22 at 11 (citing *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998)).) The Magistrate Judge concluded that "petitioner's assertion that counsel was ineffective for not challenging the search warrant has no basis in law" and that his "claim that appellate counsel erred by not raising the claim asserted in this petition is without merit." (R & R, Dkt. No. 22 at 12.) Upon de novo review, this Court agrees.

Under the Anti-terrorism and Effective Death Penalty Act (AEDPA), this Court may only grant habeas relief to a person in state custody for a claim adjudicated in state court if the Court determines that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Here, on Petitioner's motion for relief from judgment, the trial court determined that Petitioner's counsel was not ineffective for failing to object to the search warrant because the searches to which Petitioner objects did not violate his Fourth Amendment

rights. In this case, law enforcement officers had a warrant to search Petitioner's apartment, and when they found evidence of dangerous drug manufacturing, searched the other apartment in the same building. The state court's conclusion that such a search does not violate the Fourth Amendment is neither contrary to or an unreasonable application of federal law. Petitioner's objection is therefore overruled.

Petitioner also argues that the "[t]rial court committed reversible error when it failed to enforce the rules of discovery Violating Petitioner's Sixth and Fourteenth Amendment rights." (Pet'r Obj., Dkt. No. 23 at 2.) Petitioner's argument is that prosecutors committed a *Brady* violation by withholding exculpatory evidence. Petitioner did not raise this issues on direct appeal, but rather in his motion for relief from judgment. As the Magistrate Judge correctly noted, this failure resulted in a procedural default of the issue under Michigan law. (R&R, Dkt. No. 22 at 10.) In order to overcome a procedural default of a federal claim presented in state court, a petitioner must show (1) cause and prejudice, or (2) that failure to review the claim will result in a fundamental miscarriage of justice. *House v. Bell,* 547 U.S. 518, 536 (2006); *Murray v. Carrier,* 477 U.S. 478, 495 (1986). As the Magistrate Judge correctly noted, Petitioner has done neither. (R&R, Dkt. No. 22 at 10.) Moreover, there is uncontradicted evidence that Petitioner received all exculpatory evidence possessed by the prosecution. (*Id.* at 9.) Petitioner's objection is therefore denied.

The Court must finally determine whether to issue a certificate of appealability. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484. Where the petition is rejected on procedural grounds without reaching the merits of

the underlying claims, the Court should issue a certificate of appealability if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."*Slack*, 529 U.S. at 484. However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Slack*, 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's ineffective assistance claim debatable or wrong. The Court further finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

Dated: <u>February 11, 2014</u>                    <u>/s/ Robert Holmes Bell</u>
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE